UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GONZALES,<br><br>   Plaintiff,<br><br>  vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>   Defendant. | Case No. CV 05-3831 (RNB)<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

  The Court now rules as follows with respect to the one disputed issue listed in the Joint Stipulation.[1]

  For the reasons set forth by the Commissioner in the Joint Stipulation (see Jt Stip at 7-10), the Court rejects plaintiff's contention that the ALJ failed to properly evaluate plaintiff's excess pain testimony (see Jt Stip at 3-7, 10-11). Rather, the Court concurs with the Commissioner that the ALJ's adverse credibility determination was proper because the ALJ's reasons were supported by substantial evidence, and were

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit plaintiff's excess pain testimony. See, e.g., Thomas v. Barnhart, 278 F.3d 948, 959 (9th Cir. 2002) (ALJ may properly consider inter alia "'testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains'"); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ could properly rely on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record; and "'[t]he inclusion of the ALJ's personal observations [did] not render the decision improper'"); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on the lack of side effects from prescribed medication, and the unexplained absence of treatment for excessive pain); Flaten v. Secretary of Health & Human Svcs., 44 F.3d 1453, 1464 (9th Cir. 1995) (ALJ may properly rely on minimal medical treatment for back pain); see also Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (holding that claimant had failed to meet his burden of proving that he suffered from a disabling impairment where "none of the doctors who examined [him] expressed the opinion that he was totally disabled").

    IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: May 10, 2006

                          /s/
                      ROBERT N. BLOCK
                      UNITED STATES MAGISTRATE JUDGE